IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ALICIA ROSAS,  § | |
|    Petitioner  § | |
| § | CIVIL No. 7:09-CV-180-O |
| § | |
| U. S. CITIZENSHIP AND NATURAL-  § | |
| IZATION SERVICE,  § | |
|    Defendant  § | |

ORDER GRANTING MOTION TO
PROCEED *IN FORMA PAUPERIS* AND DENYING
MOTION FOR APPOINTMENT OF COUNSEL AND RECOMMENDING
DISMISSAL.

     By order dated November 17, 2009 (Docket No. 4), the District Court referred this case to the undersigned for pretrial management.  With her Petition, Plaintiff has filed a Motion to Proceed *in Forma Pauperis* (Docket No. 2) and a Motion for Appointment of Counsel (Docket No. 3). By her Petition written in broken but understandable English, Plaintiff complains of the decision of the U. S. Citizenship and Naturalization Service to deny her application for naturalization due to her failure to pass an English writing test thereby preventing her from becoming a United States citizen.  Since the Petition was filed pursuant to Petitioner's request to proceed *in forma pauperis*, Plaintiff's petition is subject to review under 28 U.S.C. §1915 (e) (2) and is subject to dismissal under Subsection (B) if the Court determines that the action is frivolous or fails to state a claim on which relief may be granted. The Court is also authorized to consider the sufficiency of the complaint on jurisdictional grounds under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Carroll v. Fort James Corp.*, 470 F. 3d 1171 (5th Cir. *2006).*  In making §1915 (e) (2) or a Rule 12 (b) (6) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985).

Naturalization Procedure and Appeal

    The nature of the naturalization process that leads to an appeal in Federal Court was summarized in the case of *Langer v. Edward J. McElroy*,  out of the Southern District of New York in 2002[1] as follows:

    "Congress is given power by the Constitution "to establish a Uniform Rule of Naturalization." Art. I., § 8, cl. 4. In the Immigration Act of 1990, Pub. L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48 (Nov. 29, 1990), Congress removed naturalization from the court and vested the Attorney General with "sole authority to naturalize persons as citizens of the United States." *8 U.S.C. § 1421(a).*

The administrative naturalization process is generally divided into five stages. First, the applicant must submit complete application materials to the INS. *8 U.S.C. §*

---

[1] 2002 U.S. Dist. *LEXIS* 23847

*1445(a)*; *8 C.F.R. §§ 316.2, 316.4, 334.1, 334.2 (2000)*. The next stage consists of an investigation into the applicant's background. *8 U.S.C. § 1446(a)*; *8 C.F.R. §§ 335.1, 335.2 (2000)*. The applicant next undergoes testing with respect to statutory requirements of English proficiency and knowledge of the history and government of the United States. *8 U.S.C. § 1423(a)*; 8 C.F.R. Pt. 312 (2000). Next, the applicant is examined under oath by an INS naturalization officer who will, except in limited cases, either grant or deny the application within 120 days of the interview. *8 C.F.R. §§ 316.14 & 335.2 (2000)*. If the INS grants the application, the applicant will move to the final stage, which involves an "oath ceremony," at which she must reaffirm her prior answers and swear allegiance to the United States. *8 U.S.C. § 1448*; *8 C.F.R. § 310.3 & Part 337 (2000)*.

Judicial review in immigration matters is narrowly circumscribed. *INS v. Aguirre-Aguirre, 526 U.S. 415, 425, 143 L. Ed. 2d 590, 119 S. Ct. 1439 (1999)* ]]("we have recognized that judicial deference to the Executive Branch is especially appropriate in the immigration context"); *INS v. Miranda, 459 U.S. 14, 19, 74 L. Ed. 2d 12, 103 S. Ct. 281 (1982)* ("Appropriate deference must be accorded [the INS's] decisions."); *Zhang v. Slattery, 55 F.3d 732, 748 (2d Cir. 1995)* ("it is not the role of the federal courts to administer the executive branch" in immigration matters). The immigration statutes create two specific points at which a district court may intervene in the naturalization process. First, if the INS fails to render a decision upon an application within 120 days of the applicants' naturalization examination, the applicant may apply to the district court for the district where he resides to conduct a *de novo* hearing on the application, and the court may then either determine the matter for itself or remand to the INS with instructions. *8 U.S.C. § 1447(b)*; *8 C.F.R. § 310.5 (2000)*. Second, if the INS denies a naturalization application -- and that denial has been confirmed after an administrative appeal, consisting of a hearing before a senior naturalization officer -- the disappointed applicant may seek *de novo* judicial review of the denial in the United States district court for the district in which she resides. INA Section 310(c), *8 U.S.C. § 1421(c)*."

Procedural Sufficiency of Petition

The provisions of Section 1551 of Title 8 of the United States Code provided for the establishment of the Immigration and Citizenship Services (INS) under a Commissioner for the administration of the process of naturalization. The Immigration and Naturalization Service was abolished by 6 USCS § 291(a), upon completion of all transfers from the Immigration and Naturalization Service as provided for by chapter 1 of Title 6. Those functions of INS were transferred in 2002 to the Director of the Bureau of Citizenship and Immigration Services of the Department of Homeland Security.[2]

---

[2]Functions of the Commissioner of Immigration and Naturalization relating to adjudications of immigrant visa petitions, adjudications of naturalization petitions, adjudications of asylum and refugee applications, adjudications performed at service centers, and all other adjudications performed by the Immigration and Naturalization Service, and all personnel, infrastructure, and funding provided to the Commissioner in support of such functions, were transferred to the Director of the Bureau of Citizenship and Immigration Services of the Department of Homeland Security by 6 USCS § 271(b) and the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified.

The provisions of 8 USC §1421( c) expressly granted to the United States District Court the authority to consider appeals from decisions of the Immigration and Citizenship Services agency.[3]  Such right of appeal was not eliminated in the transfer of the functions to the Department of Homeland Security.

Although the relief Plaintiff alleges she wants is just "another hearing," I find that Plaintiff's Petition sounds in the nature of an appeal from the decision of the Bureau of Immigration and Citizenship of the Department of Homeland Security.  Her Petition reflects that she resides in Olney, Texas which is located in this District and Division which are necessary conditions of such appeal in this Court.  She expressly alleges that she was granted a hearing and implies that after the hearing her application was denied.[4] Therefore she appears to have alleged that she has exhausted her administrative remedy before the agency, a necessary condition for this appeal.[5]  Although the date of that adverse determination by the agency does not affirmatively appear, it does not affirmatively appear that she has exceeded any time limit for filing her appeal.  The date of the final determination of which she complains may be provided by appropriate amendment.  I therefore conclude that Rosas has sufficiently alleged a cause of action cognizable by and within the jurisdiction and venue of this Court and that her Petition is _procedurally_ sufficient.   However, under the provisions of § 1915 (e)(2)  this court is further charged with the responsibility to weigh Plaintiff's potential for recovery on the merits if this case is to proceed.

## Lack of Merit on Face of Petition

---

[3] 8 USC §1421( c) Judicial review. A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a) [8 USCS § 1447(a)], may seek review of such denial before the United States district court or the district in which such person resides in accordance with chapter 7 of title 5, United States Code [5 USCS §§ 701 et seq.]. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

[4] 8 USC § 1447.  Hearings on denials of applications for naturalization. (a) Request for hearing before immigration officer. If, after an examination under section 335 [8 USCS § 1446], an application for naturalization is denied, the applicant may request a hearing before an immigration officer.

[5] 8 CFR 336.9 (d) Exhaustion of remedies. A Service determination denying an application for naturalization under section 335(a) of the Act shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant under section 336 of the Act. Every petition for judicial review shall state whether the validity of the final determination to deny an application for naturalization has been upheld in any prior administrative proceeding and, if so, the nature and date of such proceeding and the forum in which such proceeding took place.

I find that it is problematical whether Rosas will be able to prevail on the merits to obtain the relief she seeks or any other relief. The regulations implementing the process for naturalization impose a literacy requirement as follows:

> *8 CFR § 312.1* Literacy requirements. (a) General. Except as otherwise provided in paragraph (b) of this section, no person shall be naturalized as a citizen of the United States upon his or her own application unless that person can demonstrate an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language.
> ...
>
> c)(2) Reading and writing skills. Except as noted in § 312.3, an applicant's ability to read and write English shall be tested using excerpts from one or more parts of the Service authorized Federal Textbooks on Citizenship written at the elementary literacy level, Service publications M-289 and M-291...

By her own Petition, Petitioner indicates that she will require further instruction or training in order to attain sufficient capacity to pass the English writing test. This reflects that Petitioner recognizes that the determination by the agency was not in error and was supported by sufficient evidence at the time the decision was rendered. Accordingly, Petitioner's Petition is without merit and should be dismissed.

## Motion to Proceed in Forma Pauperis

Petitioner's Motion to Proceed in Forma Pauperis is supported by her sworn declaration that I find to sufficiently show her poverty and accordingly her said motion is hereby granted.

## Motion for Appointment of Attorney

There is no statutory mandate to appoint an attorney for a *pro se* litigant in a civil case. Such an appointment in a civil rights case is discretionary with the court. *Ulmer v. Chancellor*, 691 F. 2d 209 (5th Cir. 1982). There is no statutory fund provided for the payment of appointed counsel. Consideration of the potential merit of the plaintiff's claims is one of the factors for the court to consider in determining whether to exercise such discretion in favor of the appointment. *Cooper v. Sheriff, Lubbock County*, 292 F. 2d 1078,1084 (5th Cir. 1991). Since Petitioner's prospects of recovery are nil, this Court should exercise its discretion to deny appointment of counsel since it is unlikely such counsel will able to afford any help to Petitioner. Petitioner's Motion for Appointment of Counsel is denied.

## Dispositive Recommendation to District Court

Since the Undersigned Magistrate Judge does not have the authority to enter a

dispositive order, I recommend that the District Court on its own initiative dismiss without prejudice Petitioner's Petition as frivolous under 28 U.S.C. §1915 (e)(2)(B)(i).

It is so ORDERED, this 3rd day of December, 2009.

_Robert K. Roach_
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).